## SUPREME COURT.

THE PEOPLE *ex rel.*, ROBERT M. GRANT agt. THE BOARD OF APPORTIONMENT AND AUDIT of the City and County of NEW YORK.

Powers of the board of apportionment and audit are analogous in auditing claims, to those of the boards of supervisors in the several counties.

This board has a discretion as to the amount they shall allow on unliquidated claims.

But it has no discretion when the amount is fixed by law or results from a valid specific contract. When a claimant's salary is fixed by law and he has done his whole duty, he has entitled himself to be paid. And it is not competent for this board to audit such a bill for any less than the whole amount.

The board has a discretion as to how they shall audit a claim, yet it is a legal discretion and must be exercised faithfully and in accordance with legal principles.

*New York, Special Term, July,* 1872.

THE return to the alternative *mandamus* showed that the board of apportionment and audit had audited and allowed the relator's claim at one half the amount, and a motion was made to quash the return and for a peremptory *mandamus,* to compel the board to audit and allow the relator the full amount of his claim.

FRED. H. KELLOGG, *for relator.*

J. H. STRAHAN, *for respondent.*

Counsel for the relator argued that the amount of the claim having been fixed by law and contract, and the relator having performed his duty, that the board had not the power to audit and allow the claim at any less than the full amount, but should audit and allow it at its full amount, and cited

*The People ex rel., Sherman* agt. *The Supervisors of St. Lawrence County,* (30 *How.,* 181); *The People ex rel. Cagger* agt. *The Supervisors of Schuyler,* (2 *Abb. N. S.,* 81); *The People* agt. *The Supervisors of Delaware County,* (45 *N. Y.,* 205).

Counsel for the board argued, that under the statute of January, 1872, (creating the board) that the board had, discretion to allow only one half of the amount or a part of the claim.

PRATT, *J.*—The return filed by the defendants to the alternative writ of *mandamus* does not contain sufficient allegations to enable the court to determine that they have done their duty under the law. There is no denial that the relator was appointed to an office in the bureau of county affairs, that his salary was legally fixed, and that he faithfully performed all the duties during the time for which he claims pay. Assuming those statements to be true, it was not competent for the defendants to audit the bill for any less amount. While it is true, that a discretion is vested in the board of apportionment and audit as to how they shall audit a claim, yet it is a legal discretion, and must be exercised faithfully and in accordance with legal principles. When a claimant's salary is fixed by law, and he has performed his whole duty, he has entitled himself to be paid. It may be that evidence was taken before the board that satisfied them that the relator had not rendered the services as alleged, or that the salary was not fixed by statute or valid contract, but that does not appear. The return ought to show enough to enable the court to determine whether the reduction was made under the discretion conferred on them by the act appointing them, or an arbitrary reduction made in violation of the rights of the relator, as shown by his papers. The powers of this board are analogous in auditing claims to those of the boards of supervisors in the several counties; and, while the amount which they shall allow on unliquidated claims is

within their discretion, yet where the amount is fixed by law or results from a valid specific contract there is no such discretion. The return does not show upon what principle the reduction was made. The mere fact that they made a reduction is not conclusive. The case may be adjourned till the 8th of August instant, to enable the defendants to make a further return, on failure of which, peremptory writ may issue.